# EXHIBIT A

In the Superior Court of the State of Arizona

~~In and For the County of~~ Maricopa

# CV2018-002149

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Is Interpreter Needed? ☐ Yes ☒ No
If yes, what language:

MICHAEL K. JEANES, CLERK
BY _Holis_  DEP.

FILED

18 JAN 25  PM 4: 31

Plaintiff's Attorney _Scott Griffiths_

Attorney Bar Number _028906_

Plaintiff's Name(s):  (List all)      Plaintiff's Address:          Phone #:          Email Address:
Brian Weymouth

Andrea Weymouth

_(List additional plaintiffs on page two and/or attach a separate sheet)._

Defendant's Name(s):  (List All)      Maricopa County, a governmental entity; Brian and Jane Doe Mackiewicz;
Brian and Jane Doe Day O'Connor, John and Jane Does 1-100, Black Corporations 1-10, White Partnerships 1-10
(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:     ☐ Temporary Restraining Order       ☐ Provisional Remedy      ☐ OSC
☐ Election Challenge      ☐ Employer Sanction      ☐ Other _____
                                                              (Specify)

☐ **RULE 8(h) COMPLEX LITIGATION APPLIES**. Rule 8(h) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.    ☐ 123 Hospital
☐ 122 Physician D.O     ☐ 124 Other

Case No._____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☒ 163 Other _Civil Rights 42 U.S.C. § 1983_
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(h) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____



CLERK
BOARD OF SUPERVISOR'S
MARICOPA COUNTY

2018 APR -2  PM 3: 46

1  Scott Griffiths (028906)
2  **The Law Office of Scott Griffiths PLLC**
   1753 E Broadway Road, Suite 101-258
3  Tempe, Arizona 85282
4  Phone: 602-790-7298
   Fax: 602-883-7298
5  Email: docket@griffithslawaz.com
6  *Attorneys for Plaintiffs*



7

8  ## IN THE SUPERIOR COURT IN AND FOR
9  ## THE COUNTY OF MARICOPA

10  BRIAN WEYMOUTH and ANDREA R.
    WEYMOUTH, a married couple,;                    Case No.:  CV2018-002149
11

12              Plaintiffs,                          **SUMMONS**

13  v.

14  DETECTIVE BRIAN MACKIEWICZ, et al.

15                                          If you would like legal advice from a lawyer,
16              Defendants.                 Contact the Lawyer Referral Service at
                                                         602-257-4434
17                                                            or
                                                www.maricopalawyers.org
18  **THE STATE OF ARIZONA TO THE DEFENDANT:**      Sponsored by the
                                                Maricopa County Bar Association
19

20                    **Maricopa County, a governmental entity**
                              **Brian Mackiewicz**
21                          **Jane Doe Mackiewicz**
                            **Brian Day O'Connor**
22                       **Jane Doe Day O'Connor**
                              **John Does 1-100**
23                            **Jane Does 1-100**
                         **Black Corporations 1-10**
24                       **White Partnerships 1-10**

25       **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time
26  applicable, in this action in this Court. If served within Arizona, you shall appear and defend within
    20 days after the service of the Summons and Complaint upon you, exclusive of the date of service.
27  If served out of the State of Arizona - whether by direct service, by registered or certified mail, or
28  by publication - you shall appear and defend within 30 days after the service of the Summons and

Complaint upon you has been complete, exclusive of the date of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail with the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; A.R.S. §20-222, §28-502, §28-503.

**YOU ARE HEREBY NOTIFIED** that in the case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in **order** to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney.  RCP 10(d); A.R.S. §12-331; RCP 5.

The name and address of **Plaintiff's** attorney is:

Scott Griffiths
**The Law Office of Scott Griffiths PLLC**
1753 E Broadway Road, Suite 101-258
Tempe, Arizona 85282
Phone: 602-790-7298

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date: _____ JAN 2 5 2018 _____

MICHAEL K. JEANES, CLERK
CLERK OF MARICOPA COUNTY SUPERIOR COURT

By: _____

Deputy Clerk

J. FOLTS
DEPUTY CLERK

2

COPY

JAN 2 5 2018

MICHAEL K. JEANES, CLERK
J. FOLTS
DEPUTY CLERK

1 | Scott Griffiths (028906)
2 | **The Law Office of Scott Griffiths PLLC**
   | 1753 E Broadway Road, Suite 101-258
3 | Tempe, Arizona 85282
   | Phone: 602-790-7298
4 | Fax: 602-883-7298
5 | Email: docket@griffithslawaz.com
   | *Attorneys for Plaintiffs*
6 |
7 |
8 | **IN THE SUPERIOR COURT IN AND FOR**
   | **THE COUNTY OF MARICOPA**
9 |
10 | BRIAN WEYMOUTH and ANDREA R.        Case No.: CV2018-002149
    | WEYMOUTH, a married couple,
11 |
12 |                 Plaintiffs,          **VERIFIED COMPLAINT**
13 | v.
14 | MARICOPA COUNTY; a governmental entity; BRIAN
15 | MACKIEWICZ and JANE DOE MACKIEWICZ, a
    | married couple; BRIAN DAY O'CONNOR and JANE
16 | DOE DAY O'CONNOR; JOHN AND JANE DOES 1-
    | 100; BLACK CORPORATIONS 1-10; WHITE
17 | PARTNERSHIPS 1-10,
18 |
19 |                 Defendants.
20 |
21 |        For their Complaint against Defendants, Plaintiffs Brian and Andrea Weymouth hereby
22 | allege as follows:
23 |
24 |                          **PARTIES AND JURISDICTION**
25 |        1.    Plaintiff Brian Weymouth ("Weymouth") is a resident of Maricopa County,
26 | Arizona.
27 |
28 |

1

2.     Plaintiff Andrea R. Weymouth is married to Brian Weymouth and is also a resident of Maricopa County, Arizona.

3.     Defendant Brian Mackiewicz ("Mackiewicz") is a sworn law enforcement officer credentialed by AZ-POST and at all relevant times was employed as a detective within the Maricopa County Sheriff's Office and is sued in his individual and professional capacity. At all relevant times, Defendant Mackiewicz acted under the color of state law.

4.     Defendant Brian Day O'Connor ("O'Connor") is a sworn law enforcement officer credentialed by AZ-POST and at all relevant times served as a captain with the Maricopa County Sheriff's Posse and is sued in his individual and professional capacity. At all relevant times, Defendant Day O'Connor acted under the color of state law.

5.     Defendant Maricopa County, Arizona, is a political subdivision of the State of Arizona that can sue and be sued in its own name.

6.     Defendants Jane Doe Mackiewicz and Jane Doe Day O'Connor are named because the acts of Brian Mackiewicz and Brian Day O'Connor were done for the benefit and furtherance of their respective marital communities, if any, and their respective marital communities, if any, are liable for the acts and omissions of Brian Mackiewicz and Brian Day O'Connor.

7.     Plaintiffs are currently unaware of the names of true names of the spouses of Brian Mackiewicz and Brian Day O'Connor and have designated them as Jane or John Does in the caption of this matter. The true names of these defendants will be substituted upon discovery of the same.

8.     Defendants John and Jane Does 1-100 were at all times relevant to this Complaint employed, duly appointed, and acting as sworn officers of the Maricopa County Sheriff's Office and were at all times acting under color of state law and pursuant to the policies and/or usages of the County of Maricopa and State of Arizona. Said Defendants are sued individually and in their official capacities as sheriff's deputies or posse members. The true names of these defendants will be substituted upon discovery of same.

2

9.     Black Corporations 1-10 and White Partnerships 1-10 represent defendants who may be liable to the acts or omissions set forth in this Complaint. The true names of these defendants will be substituted upon discovery of same.

10.    Defendant Maricopa County is vicariously liable under the principle of *respondeat superior*, principal/agency for the actions or inactions of its employees, including those employees named in this action, as to any or all of the claims that are asserted by Plaintiffs.

11.    For purposes of Plaintiff's claims that arise under Federal law, including without limitation the United States Constitution and 42 U.S.C. §1983 *et. seq.,* and as may be relevant to Plaintiff's state law claims, at all relevant times described herein, all Defendants were acting under the color of state law.

12.    On or about July 21, 2017, Plaintiffs timely served a notice of claim on defendants in compliance with A.R.S. §12-821.01. More than sixty days have expired since Plaintiffs served their notice of claim and Defendants have not responded in any manner whatsoever to said notices of claim.

13.    The Court has jurisdiction over this action pursuant to A.R.S. §12-123.

14.    Venue is proper in this Court pursuant to A.R.S. §12-401.

## GENERAL ALLEGATIONS

15.    Prior to 2011, Weymouth and O'Connor formed a business relationship.

16.    Unknown to Weymouth at the time, in addition to being Plaintiff's business partner, O'Connor was also Captain in the Maricopa County Sheriff's Posse.

17.    Through his work with the Maricopa County Sheriff's Office, De O'Connor came to know Mackiewicz.

18.    Some time later, the business relationship between Weymouth and O'Connor began to sour. As a result, Weymouth sued Defendant Brian Day O'Connor and his other business partner, Daniel Wergin, in civil court.

19.    Defendant O'Connor told Mackiewicz about Weymouth's civil suit and upon information and belief, requested that Mackiewicz investigate Weymouth and prosecute him

3

criminally instead of allowing the issues related to their business differences be resolved in civil court.

20.     Mackiewicz complied and began an investigation, however Mackiewicz never once contacted Weymouth to investigate. Instead, Mackiewicz based his entire investigation on the words and assertions of his fellow officer, O'Connor.

21.     When Weymouth learned of the investigation, he volunteered to be interviewed and went as far as to communicate directly with Mackiewicz and Maryann McKessy, the Maricopa County Attorney who was helping Mackiewicz investigate the case.

22.     Despite his offers to be interviewed or even appear before the grand jury to answer questions, McKessy never returned Weymouth's calls or those of his attorney.

23.     Instead, McKessy convened a grand jury and called one singular witness – Mackiewicz.

24.     Based solely on Mackiewicz' testimony, the grand jury indicted Weymouth.

25.     It was later learned that at the time of the investigation and grand jury, Mackiewicz and McKessy were involved in a romantic relationship and upon information and belief, Mackiewicz and McKessy conspired to indict Weymouth.

26.     Upon information and belief, the relationship between Mackiewicz and McKessy was the reason that McKessy did not fully investigate the criminal matter, including returning Weymouth or his attorney's phone calls.

27.     On or about October 28, 2011, Weymouth was arrested and charged with various crimes. The case, CR2011-007853, was filed in Maricopa County Superior Court.

28.     As explained above, the lead detective in the case was Mackiewicz.

29.     At or around the time of Weymouth's arrest, officers from the Maricopa County Sheriff's Office, including Mackiewicz or those working under his direction and supervision, pursuant to a search warrant, seized Weymouth's personal property from his home and storage lockers.

4

30.     Once seized, Weymouth's personal property was impounded by the Maricopa County Sheriff's Office. As such, pursuant to A.R.S. §§ 13-3919 and 13-3920, Maricopa County Sheriff's Office was the custodial agent of Mr. Weymouth's property. Statutorily, Mr. Weymouth's seized property was then "subject to the order of the court in which the warrant was issued."

31.     On July 8, 2014, Weymouth accepted a plea agreement that ended the criminal matter against him. In the plea agreement, Weymouth admitted to Count 2 – Tampering With A Public Record.    The remaining counts, including counts related to the seized property, were dismissed.

32.     On January 14, 2017, Judge Mahoney with the Maricopa County Superior Court ordered the return of all items seized by the MCSO to Mr. Weymouth.

33.     However, when Mr. Weymouth contacted the Maricopa County Sheriff's Office Property and Evidence Division to arrange the return of his personal property he learned that all of his personal property had been released, without Mr. Weymouth's permission or the Court's Order, to Defendant Brian Day O'Connor. Mr. Weymouth was told that Detective Mackiewicz used the County's computer system to authorize the release of Mr. Weymouth's personal property to Defendant Brian Day O'Connor.

34.     Weymouth requested that the agent with the Maricopa County Sheriff's Office Property and Evidence Division verify if this was a mistake.

35.     On January 25, 2017, Officer Joe Stradling from the Maricopa County Sheriff's Office confirmed that none of Mr. Weymouth's personal property was remaining in inventory.

36.     On January 26, 2017, the Property and Evidence Division again confirmed that none of Mr. Weymouth's personal property was in inventory and confirmed that all of the items had been picked up by Defendant Brian Day O'Connor.

37.     On or about March 10, 2017, Mr. Weymouth received correspondence from the Maricopa County Sheriff's Office detailing the dates and times that Defendant Brian Day O'Connor had retrieved Mr. Weymouth's property.

38.     The Weymouths never gave anyone permission to retrieve their property.

39.     The Court never order the release of the property to anyone other than the Weymouths.

40.     The records provided by the Property and Evidence Division indicate that Defendant Brian Day O'Connor retrieved some of Mr. Weymouth's personal property in 2011. He did so either using his rank and privilege with the Maricopa County Sheriff's Posse, with Brian Mackiewicz' rank and status as lead investigator in the criminal case, or both. He also did so without Mr. Weymouth's permission and without the authority of the Superior Court.

41.     Astonishingly, on September 23, 2015 Defendant Brian Day O'Connor returned to the Property and Evidence Division to take the remainder of Mr. Weymouth's personal property. Again, he did so either using his rank and privilege with the Maricopa County Sheriff's Posse, with Brian Mackiewicz' rank and status as lead investigator in the criminal case, or both. He also did so without Mr. Weymouth's permission and without the authority of the Superior Court.

42.     Defendant Mackiewicz and those who work under his direction and supervision, knew that Mr. Weymouth's property included personal computers/hard drives, cases of business records including those related to the civil suit between Weymouth and O'Connor, and expensive stage/music equipment and irreplaceable collectors' items.

43.     As the lead detective, Defendant Mackiewicz had unhindered access to Weymouth's personal and business records contained in the personal computers/hard drives and cases of business records.

44.     Defendant Mackiewicz and those who work under his direction and supervision, knew that Mr. Weymouth's property, including the personal computers/hard drives and cases of business records would be important to O'Connor's in his civil suit against Weymouth.

45.     Defendant Mackiewicz and those who work under his direction and supervision, knew that Mr. Weymouth's property, including the sound and stage equipment and collectors' items had significant monetary value.

6

## CLAIMS

### Count One
### Violation of Fourth Amendment / 42 U.S.C. §1983
### (Defendants Mackiewicz and O'Connor)

46.     Plaintiffs re-allege and incorporate by reference each of the previous allegations as if fully set forth herein.

47.     The Fourth Amendment to the United States Constitution as applied to the Defendants through the Fourteenth Amendment guarantees the "right of the people to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures…"

48.     At all times, Defendants Mackiewicz and O'Connor were acting under the color of state law.

49.     At all times, Plaintiff's "papers and effects" were in the custody of the Maricopa County Sheriff's Office and required an order from the Maricopa County Superior Court for release.

50.     As alleged herein, using his position as lead investigator Defendant Mackiewicz twice authorized the release of Plaintiff's property to Defendant O'Connor without Plaintiff's permission or the authority of the Maricopa County Superior Court as required by A.R.S. § 13-3920.

51.     As alleged herein, Defendant O'Connor, a sworn law enforcement officer, seized Plaintiff's property on two separate occasions without Plaintiff's permission or the authority of the Maricopa County Superior Court as required by A.R.S. § 13-3920.

52.     Plaintiff's property has never been returned or accounted for.

53.     Defendants Mackiewicz and O'Connor's conduct was objectively unreasonable and undertaken with willful, reckless and malicious indifference to Plaintiff's constitutional rights of procedural and substantive due process and his liberty interests and with no regard to the likelihood that Plaintiff would, and did, suffer serious and permanent damage, financial and otherwise.

7

54.     As a direct and proximate result of Defendants Mackiewicz and O'Connor's actions, Plaintiff has suffered damages, economic and otherwise, in amounts to be proven at trial.

55.     As described herein, the acts of Defendants Mackiewicz and O'Connor were of a wanton and willful nature and also constituted malicious violations of Plaintiff's rights such Plaintiff is entitled to an award of punitive damages to punish the Defendants and deter such conduct in the future.

56.     Pursuant to 42 U.S.C. § 1988 and other applicable law, Plaintiff is entitled to an award of his incurred attorneys' fees and costs.

**Count Two**
**Conspiracy to Deprive Constitutional Rights / 42 U.S.C. §1985**
**(Defendants Mackiewicz and O'Connor)**

57.     Plaintiffs re-allege and incorporate by reference each of the previous allegations as if fully set forth herein.

58.     The Fourth Amendment to the United States Constitution as applied to the Defendants through the Fourteenth Amendment guarantees the "right of the people to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures…"

59.     At all times, Defendants Mackiewicz and O'Connor were acting under the color of state law.

60.     At all times, Plaintiff's "papers and effects" were in the custody of the Maricopa County Sheriff's Office and required an order from the Maricopa County Superior Court for release.

61.     As a result, Plaintiff had an expectation that his personal property, although in the temporary custody of the Maricopa County Sheriff's Office, would be safe until it was returned to him.

62.     As alleged herein, lead investigator Defendant Mackiewicz twice authorized the release of Plaintiff's property to Defendant O'Connor without Plaintiff's permission or the authority of the Maricopa County Superior Court as required by A.R.S. § 13-3920.

63.     As alleged herein, Defendant O'Connor, a sworn law enforcement officer, twice seized Plaintiff's property without Plaintiff's permission or the authority of the Maricopa County Superior Court as required by A.R.S. § 13-3920.

64.     Defendants Mackiewicz and O'Connor both knew there was not an order from the Maricopa County Superior Court authorizing either to assert ownership and control of Plaintiff's property.

65.     Despite this, Defendants Mackiewicz and O'Connor conspired to deprive Plaintiff of his property by 1) authorizing the release of the property and 2) taking possession of the property without Plaintiff's permission or the Court's authority.

66.     Defendants Mackiewicz and O'Connor conduct was objectively unreasonable and undertaken with willful, reckless and malicious indifference to Plaintiff's constitutional rights of procedural and substantive due process and his liberty interests and with no regard to the likelihood that Plaintiff would suffer serious and permanent damage, financial and otherwise.

67.     Such conspiratorial acts are actionable pursuant to 42 U.S.C. § 1985 and other applicable law.

68.     As a direct and proximate result of Defendants Mackiewicz and O'Connor's actions, Plaintiff has suffered damages, economic and otherwise, in amounts to be proven at trial.

69.     As described herein, the acts of Defendants Mackiewicz and O'Connor were of a wanton and willful nature and also constituted malicious violations of Plaintiff's rights such Plaintiff is entitled to an award of punitive damages to punish the Defendants and deter such conduct in the future.

70.     Pursuant to 42 U.S.C. § 1988 and other applicable law, Plaintiff is entitled to an award of his incurred attorneys' fees and costs.

9

**Count Three**
**Violation of Article II, §4 of the Arizona Constitution**
**(Defendants Mackiewicz and O'Connor)**

71.    Plaintiffs re-allege and incorporate by reference each of the previous allegations as if fully set forth herein.

72.    Article II, §4 of the Arizona Consitution provides: "No person shall be deprived of life, liberty, or property without due process of law."

73.    As alleged herein, Defendants Mackiewicz and O'Connor were acting under the color of state law when they violated Plaintiff's rights guaranteed under Article II, §4 of the Arizona Constitution.

74.    To wit, Defendants Mackiewicz and O'Connor conspired or otherwise worked in concert to 1) authorize the release of the property and 2) take possession of the property without Plaintiff's permission or the Court's authority.

75.    Plaintiffs have been deprived of the use and value of their personal property and has suffered injuries in an amount and value to be proven at trial.

76.    As described herein, the acts of Defendants Mackiewicz and O'Connor were of a wanton and willful nature and also constituted malicious violations of Plaintiff's rights such Plaintiff is entitled to an award of punitive damages to punish the Defendants and deter such conduct in the future.

**Count Four**
**Conversion**
**(Defendant O'Connor / Maricopa County)**

77.    Plaintiffs re-allege and incorporate by reference each of the previous allegations as if fully set forth herein.

78.    As alleged herein, Plaintiff's personal property was seized as the result of a search warrant. Plaintiff's personal property was deposited with the Maricopa County Sheriff's Office.

10

79.     Pursuant to A.R.S. § 13-3920, Plaintiff's property was subject to order by the Maricopa County Superior Court.

80.     At all relevant times, Plaintiff believed that his personal property was safeguarded for his benefit by the Maricopa County Sheriff's Office.

81.     At no other time throughout the pendency of the criminal matter did the Maricopa County Superior Court issue any orders related to Plaintiff's personal property.

82.     At no other time throughout the pendency of the criminal matter did Mackiewicz, O'Connor, or Daniel Wergin, file a motion or request with the Court to disburse property that was seized and being held by Maricopa County Sheriff's Office.

83.     Without any such orders issued by the Maricopa County Superior Court, Plaintiff properly believed that he had an immediate possessory right to his personal property, subject to the outcome of the criminal matter, and a court order addressing the same.

84.     Upon completion of the criminal matter, Plaintiff made an application to have his personal property returned to him.

85.     On January 14, 2017, Judge Mahoney ordered Plaintiff's property to be returned to him.

86.     As alleged herein, Defendant O'Connor exerted wrongful dominion and control over Plaintiff's personal property by taking it from the Property and Evidence Division without Plaintiff's permission or authority from the Maricopa County Superior Court.

87.     Defendant Maricopa County is vicariously liable under the principle of *respondeat superior*, principal/agency for the actions or inactions of its employees and agents, including those of Defendant O'Connor.

88.     Plaintiffs have been deprived of the use and value of their personal property and has suffered injuries in an amount and value to be proven at trial.

89.     As described herein, the acts of O'Connor were of a wanton and willful nature and also constituted malicious violations of Plaintiff's rights such Plaintiff is entitled to an award of punitive damages to punish the O'Connor and deter such conduct in the future.

11

**Count Five**
**Negligence / Gross Negligence**
**(Mackiewicz, O'Connor, Maricopa County)**

90.     Plaintiffs re-allege and incorporate by reference each of the previous allegations as if fully set forth herein.

91.     As alleged herein, Defendants Mackiewicz and O'Connor are both sworn law enforcement officers.

92.     Defendants Mackiewicz and O'Connor owe Plaintiff an ordinary duty of care to protect Plaintiff's constitutional and property rights and to ensure that Plaintiff's property was safe from theft and destruction.

93.     As alleged herein, Defendants Mackiewicz and O'Connor breached their duties when they conspired or otherwise acted in concert to deprive Plaintiff of his constitutional and property rights.

94.     As alleged herein, the acts of Defendants Mackiewicz and O'Connor constituted willful and wanton conduct made with reckless indifference to Plaintiff's rights.

95.     Defendants Mackiewicz and O'Connor knew their acts created an unreasonable risk of harm to Plaintiff and that harm was highly probable, if not guaranteed, to result.

96.     The acts of Defendants Mackiewicz and O'Connor were the proximate cause of Plaintiff's damages.

97.     Defendant Maricopa County is vicariously liable under the principle of *respondeat superior*, principal/agency for the actions or inactions of its employees and agents, including those of Defendants Mackiewicz and O'Connor.

98.     As a result of Defendants Mackiewicz and O'Connor's breaches of their duties, Plaintiffs have sustained injuries in an amount to be proven at trial.

99.     As described herein, the acts of Defendants Mackiewicz and O'Connor were of a wanton and willful nature and also constituted malicious violations of Plaintiff's rights such Plaintiff is entitled to an award of punitive damages to punish the Defendants and deter such conduct in the future.

**Count Six**
**Negligence Per Se**
**(Defendants Mackiewicz, O'Connor, Maricopa County)**

100.   Plaintiffs re-allege and incorporate by reference each of the previous allegations as if fully set forth herein.

101.   Arizona Revised Statute §13-3920 reads, in pertinent part: "All property or things taken on a warrant shall be retained in the custody of the seizing officer or agency which he represents, subject to the order of the court in which the warrant was issued, or any other court in which such property or things is sought to be used as evidence."

102.   As alleged herein, Defendant Mackiewicz was the lead detective who executed the search warrant and took into possession Plaintiff's personal property.

103.   As such, he had a statutory duty to safeguard and retain Plaintiff's property under the order of the Maricopa County Superior Court.

104.   As alleged herein, Defendant Maricopa County was the custodial law enforcement agency for Plaintiff's property. Maricopa County had a statutory duty to safeguard and retain Plaintiff's property under the order of the Maricopa County Superior Court.

105.   As alleged herein, Defendants Mackiewicz conspired or otherwise acted in concert to circumvent the law, resulting in the Plaintiff's property being transferred away from the Maricopa County Sheriff's Office and into the possession of Defendant O'Connor without a court order.

106.   Defendant Maricopa County is vicariously liable under the principle of *respondeat superior*, principal/agency for the actions or inactions of its employees and agents, including those of Defendants Mackiewicz, O'Connor, and Doe Defendants.

107.   As alleged herein, Maricopa County violated its statutory duty by transferring Plaintiff's personal property to Defendant O'Connor without authority from the Maricopa County Superior Court.

108.   As a result, Plaintiffs sustained injuries in an amount to be proven at trial.

13

109.   As described herein, the acts of Defendants Mackiewicz and O'Connor were of a wanton and willful nature and also constituted malicious violations of Plaintiff's rights such Plaintiff is entitled to an award of punitive damages to punish the Defendants and deter such conduct in the future.

### Count Seven
### Intentional Infliction of Emotional Distress
### (Defendants Mackiewicz and O'Connor)

110.   Plaintiffs re-allege and incorporate by reference each of the previous allegations as if fully set forth herein.

111.   As alleged herein, Defendants Mackiewicz and O'Connor conspired to circumvent the Maricopa County Superior Court's authority and arranged to take possession of Plaintiff's personal property, which included computers/hard drives and cases of confidential business records. Upon information and belief, these records were used as evidence against Plaintiff in a civil matter and to circumvent Plaintiff's due process rights in the civil matter.

112.   As alleged herein, Defendants Mackiewicz and O'Connor also conspired to circumvent the Maricopa County Superior Court's authority and arranged to take possession of Plaintiff's personal property that had significant monetary value.

113.   In this regard, Defendants Mackiewicz and O'Connor's conduct was intentional and reckless.

114.   Likewise, Defendants Mackiewicz and O'Connor's conduct was extreme and outrageous. This is because Defendants Mackiewicz and O'Connor are sworn law enforcement officers who used their badges and positions of power to take property which was not legally theirs. And they did so without so much as notifying Plaintiff or requesting authority to do so from the Maricopa County Superior Court. Plaintiff was unaware for over five years that his property had been taken without authority.

14

115.   Defendant Maricopa County is vicariously liable under the principle of *respondeat superior*, principal/agency for the actions or inactions of its employees and agents, including those of Defendants Mackiewicz and O'Connor.

116.   As a result, Plaintiffs sustained injuries in an amount to be proven at trial.

117.   As described herein, the acts of Defendants Mackiewicz and O'Connor were of a wanton and willful nature and also constituted malicious violations of Plaintiff's rights such Plaintiff is entitled to an award of punitive damages to punish the Defendants and deter such conduct in the future.

**Count Eight**
**Abuse of Process**
**(Defendants Mackiewicz and O'Connor)**

118.   Plaintiffs re-allege and incorporate by reference each of the previous allegations as if fully set forth herein.

119.   As alleged herein, Defendants Mackiewicz and O'Connor conspired to circumvent the Maricopa County Superior Court's authority and arranged to take possession of Plaintiff's personal property, which included computers/hard drives and cases of confidential business records.

120.   As alleged herein, Defendants Mackiewicz and O'Connor also conspired to circumvent the Maricopa County Superior Court's authority and arranged to take possession of Plaintiff's personal property that had significant monetary value.

121.   In doing so, Defendant Mackiewicz used his position as lead detective in the criminal matter to falsely identify O'Connor as the owner of property and specifically authorized the Maricopa County Sheriff's Office Property and Evidence Division via a computerized order to release Plaintiff's property to Defendant O'Connor without Plaintiff's permission or the authority of the Maricopa County Superior Court.

122.   For his part, Defendant O'Connor took possession of Plaintiff's property knowing that Defendant Mackiewicz did not have authority of the Maricopa County Superior Court and had no legal basis to authorize such transfer.

15

123. Defendants Mackiewicz and O'Connor acts were not proper in the regular course of the proceedings. This is because Defendants Mackiewicz and O'Connor are law enforcement officers and they knowingly failed to comply with A.R.S. § 13-3920, which requires a court order from the Maricopa County Superior Court in order to dispose of or transfer property from the custody of the Maricopa County Sheriff's Office.

124. Moreover, the processes used to circumvent A.R.S. § 13-3920 was for an improper purpose or ulterior motive.

125. Defendant Maricopa County is vicariously liable under the principle of *respondeat superior*, principal/agency for the actions or inactions of its employees and agents, including those of Defendants Mackiewicz and O'Connor.

126. As a result, Plaintiffs sustained financial losses and emotional distress in an amount to be proven at trial.

127. As described herein, the acts of Defendants Mackiewicz and O'Connor were of a wanton and willful nature and also constituted malicious violations of Plaintiff's rights such Plaintiff is entitled to an award of punitive damages to punish the Defendants and deter such conduct in the future.

**Count Nine**
**Aiding and Abetting**
**(Mackiewicz and O'Connor)**

128. Plaintiffs re-allege and incorporate by reference each of the previous allegations as if fully set forth herein.

129. As alleged herein, Defendants Mackiewicz and O'Connor conspired to circumvent the Maricopa County Superior Court's authority and arranged to take possession of Plaintiff's personal property, which included computers/hard drives and cases of confidential business records.

130. As alleged herein, Defendants Mackiewicz and O'Connor also conspired to circumvent the Maricopa County Superior Court's authority and arranged to take possession of Plaintiff's personal property that had significant monetary value.

16

131.   Defendants Mackiewicz and O'Connor engaged in conduct where both defendants are liable to Plaintiff for violating Plaintiff's constitutional rights and for conversion of Plaintiff's personal property.

132.   Defendant O'Connor was aware that Mackiewicz was going to falsely name him as the owner of Plaintiff's personal property in order to allow O'Connor to take possession of the property.

133.   Defendant O'Connor was also aware the Mackiewicz did not have Plaintiff's permission or the authority of the Maricopa County Superior Court to permit such transfer.

134.   Despite this, O'Connor signed for the property and took possession of it.

135.   Likewise, Defendant Mackiewicz knew that O'Connor would take possession of the personal property knowing that he did not have Plaintiff's permission or authority from the Maricopa County Superior Court.

136.   Despite this, Defendant Mackiewicz used his position of lead detective in the criminal matter to falsely name O'Connor as the owner of the property and authorized the Property and Evidence Division to hand over the property to O'Connor.

137.   Defendants Mackiewicz and O'Connor both provided substantial assistance and encouragement to one another with the intent to deprive Plaintiff of his property.

138.   Defendant Maricopa County is vicariously liable under the principle of *respondeat superior*, principal/agency for the actions or inactions of its employees and agents, including those of Defendants Mackiewicz and O'Connor.

139.   As a result, Plaintiffs sustained injury in an amount to be proven at trial.

140.   As described herein, the acts of Defendants Mackiewicz and O'Connor were of a wanton and willful nature and also constituted malicious violations of Plaintiff's rights such Plaintiff is entitled to an award of punitive damages to punish the Defendants and deter such conduct in the future.

//

//

17

1

**Count Ten**
**Unjust Enrichment**
**(O'Connor)**

2

3      141.   Plaintiffs re-allege and incorporate by reference each of the previous allegations as

4   if fully set forth herein.

5      142.   As alleged herein, Plaintiff's personal property was improperly taken from the

6   Maricopa County Sheriff's Office by Defendant O'Connor.

7      143.   As such, Defendant O'Connor has been unjustly enriched and Plaintiff has been

8   impoverished.

9      144.   Defendant O'Connor is without legal justification for his unjust enrichment.

10      145.   Plaintiffs are without adequate legal remedy.

11      146.   As a result, Plaintiffs sustained injury in an amount to be proven at trial.

12

**Count Eleven**
**Negligent Hiring, Training, Supervision, Retention**
**(Maricopa County, Doe Defendants)**

13

14      147.   Plaintiffs re-allege and incorporate by reference each of the previous allegations as

15   if fully set forth herein.

16      148.   Defendant Maricopa County has a duty to properly hire, train, and supervise its

17   employees and agents, including Mackiewicz and O'Connor.

18      149.   As alleged herein, Defendant Maricopa County, acting through its policies and

19   procedures and the actions of Doe Defendants have breached their various duties by failing to

20   properly train and supervise Mackiewicz and Doe Defendants who work in the Property and

21   Evidence Division.

22      150.   As a result, Plaintiffs were sustained injuries in an amount to be proven at trial.

23

24

25   **<u>JURY TRIAL DEMAND</u>**

26      151.   Plaintiffs hereby demand a trial by jury in this matter.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRAYER FOR RELIEF

152.    Judgment for Plaintiffs and against Defendants on each and every count;

153.    An award of compensatory and consequential damages in an amount to be proven at trial.

154.    An award of costs incurred in defending this matter, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and other relevant authorities;

155.    An award of punitive damages against Mackiewicz, O'Connor, and other individual Defendants for their wanton, willful and malicious violations of Plaintiff's rights, in an amount to be proven at trial.

156.    Any other relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 25th day of January, 2018.

LAW OFFICE OF SCOTT GRIFFITHS PLLC

_____

Scott Griffiths
1753 E Broadway Road, Suite 101-258
Tempe, Arizona 85285
*Attorneys for Plaintiffs*

19

**VERIFICATION**

I, Brian Weymouth, state the following:

1. I have knowledge of the facts of this case.

2. I have reviewed the Verified Complaint, know the contents thereof, and that the facts set forth therein are true and correct based upon my own personal knowledge, except as to those facts based upon my information and belief, and as to those facts I believe them to be true to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

_____          1-21-18
Brian Weymouth                                         Date

MICHAEL K. JEANES, CLERK
BY *Holts*   DEP.

FILED

**18 JAN 25  PH 4: 32**

1  Scott Griffiths (028906)
2  **The Law Office of Scott Griffiths PLLC**
   1753 E Broadway Road, Suite 101-258
3  Tempe, Arizona 85282
   Phone: 602-790-7298
4  Fax: 602-883-7298
5  Email: docket@griffithslawaz.com
   *Attorneys for Plaintiffs*
6

7

8              **IN THE SUPERIOR COURT IN AND FOR**
               **THE COUNTY OF MARICOPA**
9
                                           CV 2018 - 002149
10  BRIAN WEYMOUTH and ANDREA R.      Case No.: _____
    WEYMOUTH, a married couple,;
11
12              Plaintiffs,            **CERTIFICATE OF**
                                       **COMPULSORY ARBITRATION**
13  v.

14  DETECTIVE BRIAN MACKIEWICZ, et al.

15
16              Defendants.

17         The undersigned certifies that he knows the dollar limits and any other limitations set

18  forth by the local rules of practice for the Maricopa County Superior Court, and further certifies

19  that this case is NOT SUBJECT to compulsory arbitration, as provided by Ariz. R. Civ. P.  72

20  through 76.

21         **RESPECTFULLY SUBMITTED** this 25th day of January, 2018.

22

23                                     **THE LAW OFFICE OF SCOTT**
                                       **GRIFFITHS PLLC**
24

25                                     */s/ Scott Griffiths*
                                       Scott Griffiths
26                                     1753 E Broadway Road, Suite 101-258
27                                     Tempe, Arizona 85282
                                       *Attorney for Plaintiffs*
28
                                       1

1
2                        **CERTIFICATE OF SERVICE**
3
4     **ORIGINAL** of the foregoing counter-filed this
      25th day of January 2018, with:
5
6     Clerk of the Court
      Maricopa County Superior Court
7     201 W. Jefferson
      Phoenix, AZ 85003-2243
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                    2

MICHAEL K. JEANES, CLERK
BY *Holtis* DEP.

FILED

**18 JAN 25  PM 4: 32**

1 | Scott Griffiths (028906)
2 | **The Law Office of Scott Griffiths PLLC**
   | 1753 E Broadway Road, Suite 101-258
3 | Tempe, Arizona 85282
4 | Phone: 602-790-7298
   | Fax: 602-883-7298
5 | Email: docket@griffithslawaz.com
6 | *Attorneys for Plaintiffs*

7

8 | IN THE SUPERIOR COURT IN AND FOR
   | THE COUNTY OF MARICOPA

9 |
10 | BRIAN WEYMOUTH and ANDREA R.      Case No.: CV2018-002149
    | WEYMOUTH, a married couple,;
11 |
12 |         Plaintiffs,              **RULE 38(b) DEMAND FOR**
                                     **JURY TRIAL**
13 | v.
14 | DETECTIVE BRIAN MACKIEWICZ, et al.
15 |
16 |         Defendants.
17 |
18 |      Pursuant to Rule 38(b), Ariz. R. Civ. P., Plaintiffs Brian and Andrea Weymouth hereby
19 | request a trial by jury in this matter.
20 |
    |      **RESPECTFULLY SUBMITTED** this 25th day of January, 2018.
21 |
22 |                                 **THE LAW OFFICE OF SCOTT**
                                     **GRIFFITHS PLLC**
23 |
24 |                                 */s/ Scott Griffiths*
                                     Scott Griffiths
25 |                                 1753 E Broadway Road, Suite 101-258
26 |                                 Tempe, Arizona 85282
                                     *Attorney for Plaintiffs*
27 |
28 |
                                         1

1
2

**CERTIFICATE OF SERVICE**

3   **ORIGINAL** of the foregoing counter-filed this
4   25th day of January 2018, with:

5   Clerk of the Court
    Maricopa County Superior Court
6   201 W. Jefferson
7   Phoenix, AZ 85003-2243

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2



Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
04/04/2018
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

03/31/2018

COURT ADMINISTRATION

**Case Number:** CV2018-002149

**Brian Weymouth**

**V.**

**Maricopa County**

The Judge assigned to this action is the Honorable Kerstin G LeMaire

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 01/25/2018 is subject to dismissal pursuant to
Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 04/25/2018.
If the time for completing service has not been extended by the court and no defendants have been
served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo
Court at www.azturbocourt.gov.

Superior Court of Maricopa County - integrated Court Information System
**Endorsee Party Listing**
Case Number: CV2018-002149

| Party Name | Attorney Name | |
|---|---|---|
| Andrea R Weymouth | Scott Griffiths | Bar ID: 028906 |
| Brian Weymouth | Scott Griffiths | Bar ID: 028906 |

MICHAEL K. JEANES, CLERK
RECEIVED SE
DOCUMENT DEPOSITORY

Scott Griffiths (028906)
**The Law Office of Scott Griffiths PLLC**
1753 E. Broadway Rd. Suite 101-258
Tempe, AZ 85282
602 790 7298
*Attorney for Plaintiffs*

**18 APR -5  PM 6: 45**

**FILED**
**BY J. FORTS, DEP**

## IN THE SUPERIOR COURT
## COUNTY OF MARICOPA, STATE OF ARIZONA

|  |  |
|---|---|
| BRIAN WEYMOUTH and ANDREA WEYMOUTH, a married couple | NO. CV2018-002149 |
| Plaintiffs | |
| vs. | |
| DETECTIVE BRIAN MACKIEWICZ, et al | CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVICE |
| Defendants | |

I, Jeff Bourne, being fully qualified to serve process under ARCP 4(e) within the State of Arizona and having been appointed by Maricopa County Superior Court, did receive the following documents:

### SUMMONS
### VERIFIED COMPLAINT

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time shown below.

Service of the above-named documents was made upon **Maricopa County,** a government entity, by leaving a copy with Mireya Vargas, Special Deputy Clerk, at 3:46pm on April 2, 2018 at 301 W. Washington St. 10th Flr., Phoenix, AZ 85003.

DATED: 4/2/18

_____
JEFF BOURNE    #5585

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

SIGMA PROCESS SERVICE
1753 E. BROADWAY #302
TEMPE, AZ 85282
480 736 1282

MICHAEL K. JEANES, CLERK
RECEIVED SE
DOCUMENT DEPOSITORY

Scott Griffiths (028906)
**The Law Office of Scott Griffiths PLLC**
1753 E. Broadway Rd. Suite 101-258
Tempe, AZ 85282
602 790 7298
*Attorney for Plaintiffs*

**18 APR -5  PM 6: 45**

**FILED**
**BY J. FOLTS, DEP**

## IN THE SUPERIOR COURT
## COUNTY OF MARICOPA, STATE OF ARIZONA

|  |  |
|---|---|
| BRIAN WEYMOUTH and ANDREA WEYMOUTH, a married couple | ) ) ) ) |
|  | NO. CV2018-002149 |
| Plaintiffs | ) ) |
| vs. | ) ) |
|  | CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVICE |
| DETECTIVE BRIAN MACKIEWICZ, et al | ) ) |
| Defendants | ) ) ) |

I, Jeff Bourne, being fully qualified to serve process under ARCP 4(e) within the State of Arizona and having been appointed by Maricopa County Superior Court, did receive the following documents:

### SUMMONS
### VERIFIED COMPLAINT

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time shown below.

Service of the above-named documents was made upon **Maricopa County,** a government entity, by leaving a copy with Mireya Vargas, Special Deputy Clerk, at 3:46pm on April 2, 2018 at 301 W. Washington St. 10th Flr., Phoenix, AZ 85003.

DATED: 4/2/18

_____
JEFF BOURNE    #5585

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

SIGMA PROCESS SERVICE
1753 E. BROADWAY #302
TEMPE, AZ 85282
480 736 1282

## MaryEllen Santana

| | |
|---|---|
| **From:** | CustomerService=turbocourt.com@smtp.turbocourt.com on behalf of TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Tuesday, May 01, 2018 2:22 PM |
| **To:** | MaryEllen Santana |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #2612739 has been delivered to Maricopa County - Superior Court.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2018-002149 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Filed By: Christopher J Berry
AZTurboCourt Form Set: #2612739
Keyword/Matter #: MC re Weymouth

Delivery Date and Time: May 01, 2018 2:21 PM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Notice of Removal to Federal Court: Notice of Removal


E-Service notification was sent to the following recipient(s):

Michael Warzynski at mwarzynski@jbhhlaw.com
Scott Griffiths at docket@griffithslawaz.com

Christopher J. Berry, Esq. – #015385
**BERRY LAW GROUP, PLLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Telephone: (602) 462-1141
Facsimile: (602) 462-1151
cberry@berrylawgroup.com
admin@berrylawgroup.com

*Attorneys for Defendant Maricopa County*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BRIAN WEYMOUTH and ANDREA R. WEYMOUTH, a married couple, | Case No.  CV2018-002149 |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| v. | |
| MARICOPA COUNTY, a governmental entity; BRIAN MACKIEWICZ and JANE DOE MACKIEWICZ, a married couple,; BRIAN DAY O'CONNOR and JANE DOE O'CONNOR; JOHN AND JANE DOES 1-100; BLACK CORPORATIONS 1-10; WHITE PARTNERSHIPS 1-10, | (Assigned to the Honorable Kerstin LeMaire) |
| Defendants. | |

You are hereby notified that Defendant Maricopa County has removed this action to the United States District Court for the District of Arizona by filing a Notice of Removal on this date.  A copy of the Notice of Removal is attached hereto for the Court's reference.

DATED this 1st day of May, 2018.

**BERRY LAW GROUP, PLLC**

By /s/ Christopher J. Berry
Christopher J. Berry

-1-

1   **Efiled** this 1st day of May, 2018.

2   COPY of the foregoing E-served this
3   1st day of May, 2018, via TurboCourt:

4   Scott Griffiths
    THE LAW OFFICE OF SCOTT GRIFFITHS PLLC
5   1753 E. Broadway Road
    Suite 101-258
6   Tempe, AZ 85282
7   docket@griffithslawaz.com
    *Attorneys for Plaintiff*

8
    Michael Warzynski
9   JARDINE BAKER HICKMAN & HOUSTO, PLLC
    3300 N. Central Ave., Suite 2600
10  Phoenix, AZ 85012
11  mwarzynski@jbhhlaw.com
    *Attorney for Defendant Brian Mackiewicz*

12
13    /s/ MaryEllen Santana

14

15

16

17

18

19

20

21

22

23

24

25

26

Christopher J. Berry, Esq. – #015385
**BERRY LAW GROUP, PLLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Telephone: (602) 462-1141
Facsimile: (602) 462-1151
cberry@berrylawgroup.com
admin@berrylawgroup.com

*Attorneys for Defendant Maricopa County*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Weymouth and Andrea R. Weymouth, a married couple, | Case No. _____ |
| Plaintiffs, | **JOINT NOTICE OF REMOVAL** |
| v. | |
| Maricopa County, a governmental entity; Brian Mackiewicz and Jane Doe Mackiewicz, a married couple,; Brian Day O'Connor and Jane Doe O'Connor; John and Jane Does 1-100; Black Corporations 1-10; White Partnerships 1-10, | |
| Defendants. | |

Defendant Maricopa County, joined by Defendant Brian Mackiewicz, files this Joint Notice of Removal pursuant to 28 U.S. Code § 1446, removing this lawsuit to the United States District Court for the District of Arizona, and states the following:

1.     This action was filed originally in Maricopa County Superior Court, Arizona, on or about January 25, 2018, entitled: *Weymouth v. Maricopa County et al.,* Case No. CV 2018-002149.

2.     In accordance with 28 U.S.C. § 1446(a), a copy of all documents filed in the superior court from which the case is removed is attached hereto as Exhibit A,

BERRY LAW GROUP
— PLLC —
ATTORNEYS AT LAW

1   accompanied by counsel's verification.

2       3.      Defendant Maricopa County files this Notice of Removal without joinder

3   from Defendant Brian Day O'Connor because Brian Day O'Connor has not yet been

4   served in this lawsuit. *See Salveson v. W. States Bankcard Asso.*, 731 F.2d 1423, 1429

5   (9th Cir. 1984) (noting that for removal actions in this Circuit, "a party not served need

6   not be joined . . . ."). Defendant Maricopa County is joined by Defendant Brian

7   Mackiewicz.

8

9       4.      On April 2, 2018, Defendant Maricopa County, through its agent the Clerk

10  of the Board of Supervisors of Maricopa County, was served with the Complaint, brought

11  by Plaintiff Brian Weymouth, against Maricopa County and other Defendants in the

12  Superior Court, Maricopa County, Arizona, and a summons addressed to the Clerk of the

13  Board of Supervisors of Maricopa County.

14

15      5.      Based upon the allegations contained in the Complaint and upon

16  information and belief as to the nature of allegations by Plaintiff, Defendant Maricopa

17  County believes that the various causes of action are related and arise under the same

18  nucleus of facts.

19      6.      This action arises under Federal Law. Plaintiff's first two causes of action

20  are brought under 42 U.S.C. allege § 1983 and § 1985.

21

22      7.      This Court has independent jurisdiction over the suit pursuant to 28 U.S.C.

23  § 1441(c), and 28 U.S.C. § 1331, as "district courts shall have the original jurisdiction of

24  all civil actions arising under the Constitution, laws, or treaties of the United States."

25  Therefore, the entire suit may be removed to Federal Court for the District of Arizona.

26      8.      This Notice is timely brought. Service was made on Maricopa County on

-2-

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

1  April 2, 2018. Therefore, pursuant to 28 U.S.C. § 1446(b), and *Murphy Brothers, Inc. v.*

2  *Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), this Notice is being filed within thirty

3  (30) days of receipt and service of copy of the initial pleading setting forth the Plaintiffs'

4  claims.

5

6       9.    Removal venue is appropriate because the District of Arizona encompasses

7  the place where the state court action is pending.

8       10.    Contemporaneous with the filing of this Notice, Defendant Maricopa

9  County has provided to the adverse party, and the Superior Court of Maricopa County,

10  Arizona, written notice of this Notice of Removal.

11       RESPECTFULLY SUBMITTED this 1st day of May, 2018.

12                 **BERRY LAW GROUP, PLLC**

13

14                 By /s/ Christopher J. Berry
                   Christopher J. Berry

15

16

17

18

19

20

21

22

23

24

25

26

BERRY LAW GROUP
— PLLC —
ATTORNEYS AT LAW

CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2018, I caused the foregoing document to be electronically transmitted to the Clerk's Office using CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system

Scott Griffiths
THE LAW OFFICE OF SCOTT GRIFFITHS PLLC
1753 E. Broadway Road
Suite 101-258
Tempe, AZ 85282
docket@griffithslawaz.com
*Attorneys for Plaintiff*

Michael Warzynski
JARDINE BAKER HICKMAN & HOUSTO, PLLC
3300 N. Central Ave., Suite 2600
Phoenix, AZ 85012
mwarzynski@jbhhlaw.com
*Attorney for Defendant Brian Mackiewicz*

/s/ MaryEllen Santana

-4-